**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Kourtney Williford and John Doe, Defendants,

Of whom Kourtney Williford is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2022-000625

———————

Appeal From Greenville County
Rochelle Y. Conits, Family Court Judge

———————

Unpublished Opinion No. 2022-UP-459
Submitted November 18, 2022 – Filed December 16, 2022

———————

**AFFIRMED**

———————

Kimberly Yancey Brooks, of Kimberly Y. Brooks,
Attorney at Law, of Greenville, for Appellant.

Amanda Stiles, of South Carolina Department of Social
Services, of Greenville, for Respondent.

Megan Goodwin Burke, of Greenville, for the Guardian ad Litem.

_____

**PER CURIAM:**  Kourtney Williford (Mother) appeals a family court order terminating her parental rights to her minor children (Children).  On appeal, Mother argues the family court erred in finding clear and convincing evidence supported a finding that termination of parental rights (TPR) was in Children's best interest.  We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo.  *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011).  Although this court reviews the family court's findings de novo, it is not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  *Lewis v. Lewis*, 392 S.C. 381, 385, 709 S.E.2d 650, 652 (2011).

We find TPR is in Children's best interest.  *See* S.C. Code Ann. § 63-7-2570 (Supp. 2022) (stating the family court may order TPR upon finding a statutory ground for TPR is met and TPR is in the child's best interest); *S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) ("In a [TPR] case, the best interests of the children are the paramount consideration."); *S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013) ("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate.").  At the time of the TPR hearing, Children had been in foster care for over three years, during which time Mother received three extensions on her court-ordered placement plan.  Despite receiving multiple extensions, Mother failed to address her recurring mental health and substance abuse issues.  Further, the Guardian ad Litem (GAL) and the Department of Social Services (DSS) caseworker testified Children's foster parents wished to adopt them should they become legally free for adoption.  The GAL did not recommend TPR because he asserted Children were bonded with Mother, they wished to return to her care, and identifying another alternative adoptive resource was unlikely.  However, we note Children were only eleven and twelve years old at the time of the TPR hearing, and the GAL did not assert a belief that Children's adoption by their foster parents was unlikely.  Thus, based on Mother's failure to provide a stable home for Children and Children's need for permanency, we hold clear and convincing evidence supports the family court's finding that TPR is in Children's best interest.  *See* S.C. Code Ann. § 63-7-2510 (2010) ("The purpose of [the TPR statute] is to establish procedures

for the reasonable and compassionate termination of parental rights where children are abused, neglected, or abandoned . . . and make them eligible for adoption . . . .").

**AFFIRMED.**[1]

**WILLIAMS, C.J., THOMAS, J., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.